IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

BRITTANY RIGO, an individual )
)
Plaintiff, )  CJ-2014-03882
)
vs. )
)  ATTORNEY LIEN CLAIMED
APEX REMINGTON, INC., a Foreign For )
Profit Business Corporation, d/b/a )
APEX REMINGTON PIPE & SUPPLY )
CO., )
)
Defendant. )

DAMAN CANTRELL
DISTRICT COURT
F I L E D
OCT 13 2014
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## PETITION

COMES NOW the Plaintiff, Brittany Rigo, by and through her attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against Defendant, Apex Remington, Inc., d/b/a Apex Remington Pipe & Supply Co., for violation of her constitutionally protected rights arising out of her employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, State of Oklahoma.

2. Defendant Apex Remington, Inc., d/b/a Apex Remington Pipe & Supply Co., is a foreign for profit business corporation regularly conducting business in Tulsa County, State of Oklahoma and employs more than fifteen (15) people.

3. The incidents and occurrences which form the basis of Plaintiff's action occurred in Tulsa County, State of Oklahoma.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on sex and

1

retaliation in violation of Title VII. A Notice of Right to Sue was received by Plaintiff and this Petition has been filed within ninety (90) days of the receipt of the Notice. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

6. Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.* ("Title VII"), providing for relief against discrimination in employment on the basis of gender as well as retaliation.

7. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 216(b).

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff incorporates as if realleged the preceding paragraphs.

10. Plaintiff was hired by Defendant in September 2008 as a receptionist. She was later promoted to the position of Special Projects Coordinator in the Human Resources department.

11. On May 10, 2013 the Plaintiff went to the president, Calvin Cannon, and voiced some concerns over issues at work. The Plaintiff found his response to be gender-based and discriminatory. Specifically, Mr. Cannon told the Plaintiff that she was acting like a woman. The Plaintiff is aware that Mr. Cannon has made other comments similar to this to another female coworker.

12. The Plaintiff was then given job duties for projects in accounts receivable that were outside of her normal HR duties. The requirements of the additional duties took

time away from her normal responsibilities and caused the Plaintiff to fall behind. The Plaintiff also had some confusion about who to take her questions to and asked for a list of her job duties in an attempt to have a better understanding about what the Defendant expected of her.

13. Plaintiff was an outstanding employee and never received formal discipline from the Defendant.

14. On June 25, 2013 the Plaintiff submitted a written complaint to her HR supervisor, Lucy Cravens and to Calvin Cannon articulating circumstances wherein she felt she was being treated differently because of her gender and alleging gender discrimination within the office.

15. Just hours after emailing her written complaint, the Plaintiff's employment was terminated. The Plaintiff was given no legitimate reason for her termination except the statement that the company was moving in a different direction and that she was no longer a good fit.

16. Plaintiff believes that she was treated differently based upon her gender and retaliated against for complaining about gender discrimination.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON GENDER (TITLE VII)

17. Plaintiff incorporates the preceding paragraphs as if realleged.

18. Plaintiff's employment was subjected to disparate treatment and terminated based on her gender.

19. By treating the Plaintiff differently than similarly situated male employees, and terminating her employment, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, plaintiff prays for judgment against the defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF TITLE VII

20. Plaintiff incorporates the preceding paragraphs as if realleged.

21. By terminating Plaintiff's employment for engaging in the protected activity of complaining about gender discrimination, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff incorporates the preceding paragraphs as if realleged.

23. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

24. The Defendant intentionally or recklessly caused severe emotional distress to the Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN PLLC

Daniel E. Smolen (OBA#19943)
Lauren G. Lambright, (OBA#22300)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff