# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

BRITTANY RIGO,            )
                          )
      Plaintiff,     )
                          )  Case No. 14-CV-663-JED-FHM
v.                        )
                          )
APEX REMINGTON, INC.,     )
                          )
      Defendant.     )

## OPINION AND ORDER

Plaintiff, Brittany Rigo asserts gender discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as well as a state law claim for Intentional Infliction of Emotional Distress (IIED). Ms. Rigo alleges that, after she was employed with the defendant, Apex Remington, Inc. (Apex), for almost five years, she informed Apex's president of "some concerns over issues at work," and she "found his response to be gender-based and discriminatory." (Doc. 2-3 at ¶ 11). "Specifically, [the president of Apex] told the Plaintiff that she was acting like a woman." (*Id.*). She was then given job duties for projects in accounts receivable that were outside of her normal duties, which caused Ms. Rigo to "fall behind" on her normal duties. (*Id.* at ¶ 12). She submitted a written complaint to Apex's Human Relations Department, "articulating circumstances wherein she felt she was being treated differently because of her gender and alleging gender discrimination within the office," and her employment was terminated just hours later. (*Id.* at ¶¶ 14, 15).

Apex moves to dismiss Ms. Rigo's IIED claim (Doc. 8). That claim is governed by the narrow standards set forth in the Restatement Second of Torts, § 46. *Gaylord Entertainment Co.*

*v. Thompson,* 958 P.2d 128, 149 (Okla.1998). In *Breeden v. League Servs. Corp.,* 575 P.2d 1374 (Okla.1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

*Id.* at 1376 (quoting Restatement (Second) § 46, cmt. d).

To state a claim, the plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *See Schovanec v. Archdiocese of Oklahoma City,* 188 P.3d 158, 175 (Okla. 2008) (quoting *Computer Publications, Inc. v. Welton,* 49 P.3d 732, 735 (Okla. 2002)). The trial court must assume a "gatekeeper role" and make an initial determination that the alleged conduct "may be reasonably regarded as sufficiently extreme and outrageous" to maintain a claim for intentional infliction of emotional distress. *Trentadue v. United States,* 397 F.3d 840, 856 n.7 (10th Cir. 2005); *see also Gaylord*, 958 P.2d at 149.

Ms. Rigo asserts that her allegations of gender discrimination and retaliation are sufficient to state a plausible claim for intentional infliction of emotional distress. The Court disagrees. The Petition does not set forth any facts that would rise to the level of outrageousness required to set forth an emotional distress claim under Oklahoma law, because the conduct alleged is not "so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *See Breeden*, 575 P.2d at 1376. Moreover, Oklahoma courts have routinely held that Title VII and other employment-

related claims generally do not rise to the level of outrageous conduct necessary to support a claim of intentional infliction of emotional distress. *Daniels v. C.L. Frates & Co.*, 641 F. Supp. 2d 1214, 1218 (W.D. Okla. 2009); *see also Miner v. Mid-America Door Co.*, 68 P.3d 212 (Okla. Civ. App. 2003) (claim of intentional infliction of emotional distress was not established despite allegations of sexually explicit verbal abuse and physically threatening conduct by a supervisor); *Eddy v. Brown*, 715 P.2d 74 (Okla. 1986) (allegations of ridicule by supervisor and foreman did not amount to sufficiently outrageous conduct); *Anderson v. Oklahoma Temp. Servs., Inc.*, 925 P.2d 574 (Okla. Civ. App. 1996) (six events including lewd remarks about the plaintiff by her supervisor and embarrassing her by discussing her faults with coworkers were insufficiently outrageous); *Mirzaie v. Smith Cogeneration, Inc.*, 962 P.2d 678 (Okla. Civ. App. 1998) (allegations that employer made derogatory sexual comments about the plaintiff's fiancée, refused to allow plaintiff a day off of work to be with his wife and newborn son in the hospital, and called plaintiff in the middle of the night, browbeating the plaintiff for hours and requiring him to do unnecessary work, were not sufficiently outrageous to maintain a claim for intentional infliction of emotional distress).

Ms. Rigo's intentional infliction of emotional distress claim will be dismissed, for failure to state a claim, and she will not be given leave to file an amended complaint reasserting that claim. Ms. Rigo's allegations that Apex discriminated and retaliated against her do not constitute extreme and outrageous conduct. Ms. Rigo has not suggested that the alleged discrimination in this case is similar to any case in which an Oklahoma court has found extreme and outrageous conduct in the workplace setting. She has not stated a plausible claim of intentional infliction of emotional distress. Although she requests leave to amend, the Court has

been provided no basis to infer that plaintiff has any additional factual allegations that would state such a plausible claim if given leave to amend that claim.

IT IS THEREFORE ORDERED that the Motion to Dismiss (Doc. 8) is **granted**, and Ms. Rigo's IIED claim (Third Claim for Relief) is hereby dismissed, without leave to amend. The case will proceed on Ms. Rigo's Title VII claims.

SO ORDERED this 15th day of June, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE